IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Orlando Smith, #267982, | ) | C/A No. 6:07-0327-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Warden of Broad River Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on February 1, 2007. He is incarcerated in the SCDC at Broad River Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe, for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge Catoe, which was issued on January 23, 2008. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion for summary judgment. The petitioner filed objections to the Report on February 13, 2008.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to

1

those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Determinations of factual issues by state courts are presumed correct and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S.722 (1991).

Petitioner first contends in his objections that Ground Two of his Petition(ineffective assistance of counsel based on counsel's failure to subpoena certain witnesses or to request the trial judge to enforce subpoenas which were issued) was not procedurally defaulted.[1]  Assuming without deciding

---

[1] The Magistrate Judge also recommended a finding that Ground Six (ineffective assistance of counsel regarding failure to object to trial judge's refusal to charge "mere presence") and Ground Eight (ineffective assistance of counsel in failing to object to a portion of the solicitor's closing argument)

2

that these issues are not procedurally barred and that counsel's performance was deficient, Petitioner has not shown prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), as the witnesses did not testify at the PCR hearing. "A PCR applicant cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence." *Dempsey v. State*, 363 S.C. 365, 610 S.E.2d 812, 814(2005).

Petitioner also argues that the issue regarding counsel's failure to obtain a videotape of the crime scene through discovery (Ground Four) was not procedurally defaulted. While it is true that this issue was raised in the Rule 59(e) motion, this issue was not raised in Petitioner's Petition for Certiorari. Therefore, the Court finds that the issue is procedurally defaulted. In addition, Petitioner has not shown cause and prejudice or manifest injustice. Moreover, no exhibits were introduced at the PCR hearing and it is therefore impossible to find that, even if Issue Four was not procedurally defaulted, the state courts' denial of relief to the petitioner was "contrary to" and involved "an unreasonable application of" clearly established federal law.

Petitioner next contends in his objections that his motion for directed verdict should have been granted. (Ground One). For the reasons stated in the Report and Recommendation, particularly pages 16-18, the Court finds that this issue lacks merit.

Petitioner alleges that counsel was ineffective in failing to object to a letter which his girlfriend testified he wrote to her (Ground Four). For the reasons stated by the Magistrate Judge in his Report, pages 26-28, the Court finds this issue lacks merit.

---

were procedurally defaulted. The Court agrees that these issues are procedurally defaulted, as the PCR judge did not address them, and the Rule 59(e) motion did not cover these arguments.

Next, Petitioner asserts that his trial counsel failed to conduct an adequate pretrial investigation (Ground Three). This argument also lacks merit, as discussed in the Report at page 24.

Petitioner contends as to Ground Five that trial counsel was ineffective in failing to obtain a crime scene expert and forensic testing relating to evidence collected at the scene (blood, hair, and palm print). (Ground Five).  While these issues may not have been specifically addressed in the PCR Order, the PCR Order does mention the failure to hire an investigator and contains a reference to "failure to test the hair samples or to challenge the palm print." (PCR Order, p. 5). The transcript of the PCR hearing reflects that the record was left open for sixty (60) days by the PCR judge.  It appears several affidavits may have been filed by PCR counsel and his investigators on the 60th day with the Greenville County Clerk of Court.  The Rule 59(e) motion dealt only with the videotape. The petition for certiorari also appears to mention the issues of a crime scene investigation, hair samples, and the palm print and references an affidavit by Danny McDaniel, a private investigator hired by PCR counsel.

Petitioner filed a motion [docket entry #15] to amend the "appendix" to add the McDaniel affidavit and other affidavits. No response was filed to this motion. This motion is granted to the extent that the supplemental materials will be made a part of the record in this case. The Magistrate Judge shall consider when the case is recommitted as explained below whether these materials were part of the state court record .

It is not clear on the record before the Court whether all of the Ground Five issues were procedurally defaulted and, if they were not, then whether the *Strickland* two-part test can be met. The case is recommitted to the Magistrate Judge as to Ground Five for additional analysis of the procedural default issue and the *Strickland* factors.

4

Petitioner additionally asserts in a rehash of his previous arguments that the State did not "have a complete chain of custody of the palm print in this case." (Objections, p. 46) (Ground Seven). The Court agrees with the analysis of this issue by the Magistrate Judge. *See* pp. 28-30 of Report.

Finally, Petitioner alleges for the first time in his objections that the PCR court erroneously failed to grant him a continuance on the basis that he had retained new counsel about a month before the hearing. This issue is procedurally defaulted. It was not raised in the Rule 59 motion or in the petition for certiorari. It was also not raised in the petition for writ of habeas corpus. The Court also notes that the PCR judge agreed to leave the record open for 60 days so that counsel could submit additional evidence. (App., p.410).

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court adopts the Report of the Magistrate Judge except as to Ground Five, and incorporates it into this Order by reference. However, Ground Five is recommitted for further review.

The respondents' motion for summary judgment is granted as to all issues except Ground Five and denied as to Ground Five. The issues relating to Ground Five are recommitted to the Magistrate Judge for further findings and review.

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

March 31, 2008
Florence, South Carolina