IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Orlando Smith, #267982, ) | C/A No. 6:07-0327-RBH |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Warden of Broad River Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on February 1, 2007. He is incarcerated in the SCDC at Broad River Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe, for pretrial handling. Magistrate Judge Catoe issued a Report and Recommendation on January 23, 2008 analyzing the issues and recommending that this Court grant the respondent's motion for summary judgment. This Court issued an Order on March 31, 2008, granting the respondent's motion for summary judgment as to all grounds except Ground Five and recommitting the case to the Magistrate Judge for further proceedings. This Court stated:

> It is not clear on the record before the Court whether all of the Ground Five issues were procedurally defaulted and, if they were not, then whether the *Strickland* two-part test can be met. The case is recommitted to the Magistrate Judge as to Ground Five for additional analysis of the procedural default issue and the *Strickland* factors.

(Order, Docket Entry #23, p. 4.)

The matter is now before this Court on the Report and Recommendation of Magistrate Judge Catoe, which was issued on August 12, 2008. After analyzing the issues, the Magistrate Judge

1

recommended that this Court grant the respondent's motion for summary judgment as to Ground Five. The petitioner filed objections to the Report on September 2, 2008.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Determinations of factual issues by state courts are presumed correct and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance

of counsel was deficient or fell below an objective standard of reasonableness. Second, he must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688. In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly . . . Rather . . . § 2254(d)(1) requires a habeas petitioner to show that the state court 'applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *James v. Harrison*, 389 F.3d 450 (4th Cir. 2004)(internal citations omitted).

Petitioner has filed thirty-two pages of rambling objections to the Report. The content of his objections in large part relates to issues that have already been decided by this Court in adopting the previous Report as to all grounds except Ground Five. The Court will attempt to glean Petitioner's objections as they pertain to Ground Five.

Petitioner asserts that "the State Law Enforcement Division (SLED) failed to comply to the court order to compel production of evidence for scientific testing." (Objections, p. 26). He also contends that, if counsel had obtained a crime scene forensic expert, then "he would then been able to provide beyond a reasonable doubt that the state's evidence and witnesses, specifically Eric Burts, was that of deceit and the real truth and facts behind this awful crime, would have been exposed to the jury, thereby making it a reasonable probability of the verdict being different." (Objections, p. 29).

By Order dated October 24, 2003, the PCR judge issued an order requiring (4) that "the State Law Enforcement Division and the Greenville County Sheriff's Department produce and make available all physical evidence and samples collected in this matter for independent scientific testing by the Applicant" and (5) "that any and all comparison samples collected from the Applicant, Orlando Smith be produced for comparison purposes together with all inventory sheets, transmittal document,

work sheets and report (either drafts or final) of such tests and or requested tests which were cancelled and or withdrawn." (Docket Entry #26-3). Contrary to the argument by the petitioner in his objections, there is no evidence that SLED did not comply with the order by the PCR judge to compel production of evidence for scientific testing. In fact, in a memorandum in support of PCR dated December 16, 2003, PCR counsel for the petitioner states:

> The matter was held in abeyance with the record left open for the submission of scientific reports and other evidence gathered on behalf of the Petitioner Orlando Smith in response to the Court's Order pursuant to his Motion to Produce.
> Counsel for Orlando Smith and representatives of O'Leary Associates, together with private investigators, were scheduled by the Greenville County Solicitors office and the Greenville County Sheriff's Office to review such evidence as ordered by the court and this review took place on November 24, 2003, and December 3, 2003, in the offices of the Greenville County Solicitor and Sheriff.

(Docket Entry No. 14-5, page 6).

The memorandum also refers to the fact that the crime scene specialist, Jernigan, "examined the items in question" and found evidence of blood on the ligature. Therefore, the allegation by the petitioner that SLED failed to comply with the court order to compel evidence for scientific testing lacks merit.

The Court will next analyze the petitioner's arguments that trial counsel's failure to employ an expert to test the hair samples, blood, or palm print constituted ineffective assistance of counsel. The Magistrate Judge assumed without deciding that these claims are not procedurally barred. He then analyzed the issues under *Strickland v. Washington*, 466 U.S. 668 (1984). He assumed without deciding that counsel's performance was deficient but found that Petitioner has not shown prejudice in counsel's failure to obtain a crime scene expert and forensic testing relating to evidence collected at the scene (blood, hair, and palm print).    As noted by the Magistrate Judge, Petitioner did not present any expert testimony at all regarding the hair samples, blood, or palm print (other than to submit

4

an affidavit of a criminology instructor and crime scene analyst, M. Bruce Jernigan, regarding examination of the belt, the ligature, and the long hair-like strand). As the Magistrate Judge observed, Jernigan "performed only presumptive testing on the stain, and he did not perform either blood typing or DNA testing to determine whether, in fact, this substance even presumptively tested positive for blood. Thus, all the petitioner actually presented was speculation and conjecture." (Report, p. 28). Petitioner did not introduce any evidence of any tests performed by his expert on the blood, hair, or palm print to determine if it matched the petitioner's samples. *See Bassette v. Thompson*, 915 F.2d 932 (4th Cir. 1990)(allegation that trial counsel did ineffective investigation does not support relief absent proffer of the supposed witness' favorable testimony.) This Court cannot speculate as to what the opinions of expert witnesses would have been had such examination occurred. Therefore, no prejudice has been shown.

In addition, there was overwhelming evidence of Petitioner's guilt. Petitioner does not deny that his palm print was found on the body of the victim. He simply takes the position that the print was on the body because he touched the body when he went into the victim's apartment after the murder had already occurred. The State's witness from the crime lab gave the opinion that it was not possible for the palm print to have been made while the victim's body was in the position in which it was found. (App. 77-78, 80-81). Moreover, the petitioner gave two inconsistent stories to law enforcement, and there was evidence that he left bloody pants at his girlfriend's apartment on the night of the murder. Finally, Petitioner wrote a letter to his girlfriend asking her to "lie about the time he got home" on the night of the crime and to tell the police that she did not recall what clothes he had on that night.

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate

Judge and this Court's review of the record, the Court adopts the Report of the Magistrate Judge and incorporates it into this Order by reference.

    The respondent's motion for summary judgment is granted.

    **IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

November 12, 2008
Florence, South Carolina